## State *v.* Maddox.

PLEA IN ABATEMENT. *Relationship of grand juror to defendant.* It is not a good plea in abatement to a presentment, that one of the twelve grand jurors making the presentment was connected with the defendant by marriage.

### FROM PUTNAM.

Appeal in error from the Circuit Court of Putnam county. N. W. McConnell, J.

Attorney General Lea for the State.

———— ———— for Maddox.

Cooper, J., delivered the opinion of the court.

Presentment for carrying a pistol. The record shows that the foreman of the grand jury and another grand juror were set aside because of their relationship, within the prohibited degrees, to the person charged. Another foreman was appointed and sworn in for the particular case, and a new grand juror appointed. The presentment was then found by the grand jury composed of twelve men. The defendant filed a plea in abatement, that one of these twelve jurors, naming him, was related to him, within the prohibited degree, by affinity, the wife of the juror, at the time of the finding the presentment, being the second cousin by blood of the defendant. The State demurred to the plea, assigning as one cause of de-

murrer that the fact of the relationship of the grand juror as alleged could not prejudice the defendant in any way, and furnished no ground of defense to the presentment. The Circuit Judge overruled the demurrer, and, upon the Attorney General declining to further plead, quashed the presentment. The State appealed in error.

No argument has been submitted in support of the ruling of the Circuit Judge, and no reason occurs to us for sustaining it. It is true that an objection to the competency of a grand juror who participated in the finding of an indictment or presentment may be made by plea in abatement. *State* v. *Bryant*, 10 Yer. 133. It is also true, that by the Code, sec. 5085, it is provided that if any member of the grand jury is connected by blood or marriage with the person charged, he shall not be present at or take part in the consideration of the charge. But the provision is merely directory, as the next section, which provides for supplying the vacancy during the investigation, clearly shows. No doubt, either the State or the defendant might make the objection, and it is the duty of the juror to conform to the requirement. But if, through inadvertence, a relation or connection of the person charged does actually participate in the finding, it is not seen how his relationship could have prejudiced such person. The same provision of law exists in the case of a petit juror. Code, sec. 4003. And it has been intimated that, even in such case, an objection after verdict on the ground of relationship, comes too late. *Goodall* v. *Thurman*, 1 Head,

218. The point raised by the plea has already been decided by this court adversely to the sufficiency of the plea in an unreported case.

The judgment must be reversed and the cause remanded.